UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Luis Figueroa, | ) | Civil Action No.: 1:17-cv-00284-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| B.J. Meeks, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Luis Figueroa, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Petition & Memorandum [ECF Nos. 1 & 1-2]. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] *See* R & R [ECF No. 7]; Pet.'s Objs. [ECF No. 9]. The Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition without prejudice and without requiring Respondent to file a return. R & R at 6.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina.

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he fails to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention. R & R at 5-6. Petitioner lodges several objections to the R & R. *See* Pet.'s Objs.

Petitioner "first takes issue with a number of mischaracterizations and misrepresentations of the facts and circumstances of the case by the Magistrate," asserting the Magistrate Judge's "recitation of the 'Factual and Procedural Background'" is "wrong and misleading." Pet.'s Objs. at 1–4 (quoting R & R at 1). Having thoroughly reviewed the R & R and Petitioner's prior court records from the United States District Court for the District of New Jersey,[2] the Court discerns no error in the Magistrate Judge's summary of the relevant procedural and factual history of this case.[3]

---

[2] *See United States v. Figueroa*, Crim. No. 1:98-cr-00105-JHR-14 (D.N.J.) (criminal docket); *Figueroa v. United States*, Civ. No. 1:04-cv-01424-JHR (D.N.J.) (§ 2255 motion). The New Jersey district court issued an order dated October 14, 2015, which summarizes Petitioner's "extensive litigation" challenging his conviction and sentence. *See Figueroa v. United States*, Civ. No. 1:04-cv-01424-JHR, at ECF No. 67 (D.N.J.).

[3] The Magistrate Judge properly took judicial notice of the court records from the District of New Jersey. *See United States v. White*, 620 F.3d 401, 416 n.14 (4th Cir. 2010) (recognizing "federal courts may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue"); *Colonial Penn Ins. Co.*

2

In the remainder of his objections, Petitioner rehashes the arguments in his § 2241 petition, claiming the district court violated the Due Process and Double Jeopardy Clauses by empaneling a second jury—before he was sentenced and after the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000)—to determine the quantity of drugs involved in his conviction for conspiracy to distribute cocaine. Pet.'s Objs. at 2–7. Additionally, Petitioner asserts there is not a "valid conviction and sentence so as to satisfy the 'A prisoner in custody under sentence of a court . . .' language of 28 U.S.C. § 2255." *Id.* at 6 (quoting 28 U.S.C. § 2255(a)). Petitioner also challenges the Magistrate Judge's conclusion that he cannot satisfy the savings clause of § 2255,[4] and he asserts relief is appropriate under § 2241 rather than § 2255. *Id.* at 7–9. However, as the Magistrate Judge recognizes and the Fourth Circuit has explained,

> [I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241. Importantly, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion.
>
> . . . . More specifically, § 2255 is inadequate and ineffective—and § 2241 may be utilized—when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

*v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." (citation omitted)).

[4] *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

*Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (internal citations, quotation marks, and ellipsis omitted). Here, Petitioner cannot show § 2255 is inadequate or ineffective because the substantive law has not changed so that his conduct (conspiring to distribute cocaine) is no longer criminal. Thus, Petitioner is not entitled to relief under § 2241, and the Court must dismiss his § 2241 petition.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the § 2241 petition, the Magistrate Judge's R & R, and Petitioner's objections. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 7] by reference.

Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file a return. The Court **DENIES** a certificate of appealability because

Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
June 26, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge